IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 98-00456 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PETITION FOR |
| | ) | RELIEF FROM JUDGMENT OR ORDER |
| vs. | ) | PURSUANT TO FED. R. CIV. P. |
| | ) | 60(b)(6) |
| TIMOTHY JON ROBLES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PETITION FOR RELIEF FROM JUDGMENT
OR ORDER PURSUANT TO FED. R. CIV. P. 60(b)(6)

Petitioner Timothy Jon Robles has filed a document with the title "Petition for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 60(b)(6)." The court denies this petition without prejudice to the raising of the claims set forth in the petition through an appropriate procedural avenue.

Robles has filed his petition under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) sets forth one basis for relief from a judgment in a civil case. Robles does not cite to any judgment in a civil case from which he seeks relief. To the contrary, Robles appears to be seeking relief from a sentence imposed in a criminal case. The present petition is filed in his criminal action in the United States District Court for the District of Hawaii, United States v. Robles, Crim. No. 98-456 SOM. Apparently referring to the criminal judgment against him, Robles says in the present petition that he seeks to be "relieved] . . . from the final judgment and order in this

case."  A criminal judgment may not be amended under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Nor may this court award relief by construing this petition as falling under 28 U.S.C. § 2255.  Robles does indeed appear to be seeking relief under § 2255, as he says that he is "requesting that this Court withdraw his guilty plea or in the alternative, grant him a new sentencing hearing."  However, Robles has had at least one prior petition under § 2255 that was examined on its merits.  In an order filed on March 18, 2004, in <u>Robles v. United States</u>, Civ. No. 01-586, this court examined claims made by Robles for relief under § 2255 and denied those claims.  The court subsequently denied a motion for reconsideration and a request for a certificate of appealability.[1]  Thus, Robles has already had this court's determination on the merits of his § 2255 petition.  If Robles is again seeking relief under § 2255, he must comply with the requirements for a second or successive petition.

Before fling a second or successive § 2255 petition, Robles must obtain certification from the Ninth Circuit that his petition contains:

---

[1] Robles has filed numerous other actions with this court, including a § 2255 petition that was denied without prejudice in light of a pending appeal to the Ninth Circuit, and an action brought under 28 U.S.C. § 2241 that was transferred to another district.

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  As Robles presents no such certificate to this court, this court must deny his petition, which appears to seek relief under § 2255, for lack of jurisdiction.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, November 2, 2009.



   /s/ Susan Oki Mollway
   Susan Oki Mollway
   Chief United States District Judge

United States v. Robles; CIVIL NO. 98-00456, ORDER DENYING PETITION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO FED. R. CIV. P. 60(b)(6)