IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 98-00456 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING THIRD MOTION FOR |
| | ) | EARLY TERMINATION OF SUPERVISED |
| vs. | ) | RELEASE |
| | ) | |
| TIMOTHY JON ROBLES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING THIRD MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Timothy Robles moves for the third time for early termination of supervised release. The court denies the motion. Robles points out that he has been on supervised release for two years. His sentence includes a five-year supervised release term. Although the court is authorized to order the early termination of supervised release, early termination is by no means required, and Robles should not assume that, absent any problem during his supervision period, the court should cut his supervision period short.

Robles has a long history of drug use and has a substantial criminal history that includes serious drug offenses. When paroled in the past, he violated conditions of parole or was arrested on new charges within relatively short periods after his parole supervision began. This history suggests that the court should treat requests for early termination of supervised release with caution.

Although Robles points to another individual and complains that Robles was sentenced to a longer prison sentence than that individual, the other person's sentence constitutes no reason to terminate Robles's supervised release early. Nor is the court persuaded by the reference to an unindicted co-conspirator who "received no jail time whatsoever." This court rules on matters presented to it. The court plays no role in determining who should or should not be charged, and a prosecutor's decision not to charge another individual provides no basis for granting the present motion.

Also unpersuasive is Robles's statement that "This Court is well aware that the Parole Commission and the Federal Bureau of Prisons manipulated the Defendants sentence. And yet, this Court did nothing." This court made absolutely no finding or ruling in that regard. While Robles has repeatedly asserted that he has been treated unfairly in matters outside the case before this court, those matters, like the other individuals Robles points to, do not factor into the court's evaluation of whether Robles should cease to be supervised at this time.

There may come a time when the court decides to grant Robles early termination, but any such decision will turn on what Robles himself is doing while on supervision, and on what evidence the court has that makes the court confident that Robles will not revert to the pattern he has exhibited in the past. The

record Robles presents of stable and law-abiding behavior remains

insufficient to give this court that confidence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 26, 2013.



_/s/ Susan Oki Mollway_____
Susan Oki Mollway
Chief United States District Judge

United State v. Robles; Cr. No. 98-00456 SOM; CR. NO. 98-00456
SOM; ORDER DENYING THIRD MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE