IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 24-00321 SOM/KJM |
| | ) | CRIMINAL NO. 98-00456 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PETITION FOR |
| vs. | ) | WRIT OF CORAM NOBIS |
| | ) | |
| TIMOTHY JON ROBLES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS**

**I.        INTRODUCTION.**

On December 5, 2000, Petitioner Timothy Jon Robles was sentenced by this court to 139 months of imprisonment, 5 years of supervised release, and a $100 special assessment for a methamphetamine crime. *See* Judgment in a Criminal Case, ECF No. 90. According to Robles's Amended Presentence Investigation Report ("PSR"), which this court adopted, Robles had a total offense level of 29 and was in Criminal History Category IV because he had 7 criminal history points. In relevant part, the PSR assigned to Robles 2 criminal history points pursuant to United States Sentencing Guidelines ("USSG") § 4A1.1(d) (1998) because he was serving a special parole term in the Eastern District of Washington under Criminal No. 88-316-S when he committed the crime in this case. Robles's 139-month sentence was within his guideline range of 121 to 151 months.

On July 20, 2024, Robles filed the present coram nobis petition.  *See* ECF No. 176.  On August 30, 2024, he clarified his petition.  *See* ECF No. 178.  Although Robles says he is challenging his conviction, he is actually challenging only his sentence, arguing that the court should not have added 2 criminal history points for the commission of a crime while on special parole.  Robles says nothing about the validity or constitutionality of the finding of guilt, instead asserting that his prison sentence, which he has already served, was too long.  Coram nobis relief would gain Robles nothing, as his guilt would still stand.

Even if, at the time he was sentenced in this case, Robles had been deemed to be on ordinary parole rather than special parole when he committed the crime in issue in this case, he would have still received 2 criminal history points under USSG § 4A1.1(d) (1998).  That guideline provided, "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

Moreover, Robles fails to adequately explain why he waited so long to bring this petition.

On these multiple grounds, the court denies the request for a writ of coram nobis.

II.        BACKGROUND.

On July 6, 1998, a Criminal Complaint charged Robles with having knowingly possessed with intent to distribute and with distributing more than 100 grams of crystal methamphetamine the previous day, in violation of 21 U.S.C. § 841(a)(1).  *See* ECF No. 1.

On July 15, 1998, the grand jury charged Robles in an Indictment with having "knowingly and intentionally possess[ed] with intent to distribute and distribute[d] in excess of 100 grams of methamphetamine" in violation of 21 U.S.C. § 841(a)(1). *See* ECF No. 12.  On January 21, 2000, Robles pled guilty to that charge.  *See* ECF No. 54.

Paragraph 18 of Robles's PSR indicated that it used the U.S. Sentencing Commission Guidelines Manual effective November 1, 1998 for its guideline computation.  Based on the amount of drugs involved, the PSR noted that Robles had a Base Offense Level of 32.  *See* PSR ¶ 24.  Two levels were subtracted for Robles's acceptance of responsibility and an additional level was subtracted for his early acceptance of responsibility.  *See* PSR ¶¶ 30-31.  This gave Robles a Total Offense Level of 29.  *Id.*

Robles received 1 criminal history point for a California conviction involving possession of forged identification in 1996.  *See* PSR ¶ 36.  Robles received 3 criminal history points for an Eastern District of Washington

3

conviction involving distribution and aiding and abetting distribution of cocaine, for which he was sentenced in 1989 in Crim. No. 88-316-S.  *See* PSR ¶ 37.  Robles received 2 criminal history points pursuant to USSG § 4A1.1(d)(2) because he was serving a special parole term with respect to his Eastern District of Washington cocaine conviction at the time of the instant offense.  *See* PSR ¶ 40.  Finally, Robles received a criminal history point because the instant offense was committed less than two years following his release from custody in his Eastern District of Washington cocaine case.  *See* PSR ¶ 40. Robles's 7 criminal history points placed him in Criminal History Category IV.  *See* PSR ¶ 42.

Robles's custody guideline range was 121 to 151 months based on Total Offense Level 29 and Criminal History Category IV. *See* PSR ¶ 59.

At Robles's sentencing hearing on December 5, 2000, he was represented by Edmundo Espinoza, Esq.  *See* Transcript of Proceedings at 1 (Dec. 5, 2000).  At that hearing, the court adopted the amended PSR.  *See id.* at 42-43.  At the sentencing, Robles had an opportunity to allocute.  *See id.* at 61-62.  The court ultimately sentenced Robles to 139 months of imprisonment, 5 years of supervised release, and a $100 special assessment. *See id.* at 67; Judgment in a Criminal Case, ECF No. 90.  To the extent Robles contends that this court imposed special parole,

4

rather than supervised release, Robles is mistaken.  *See*, *e.g.*, ECF No. 176, PageID # 167.

On June 23, 1998, several weeks before the July 1998 Criminal Complaint was filed in the present case, the Ninth Circuit ruled in connection with the Eastern Washington cocaine case that the Parole Commission had not been authorized to impose a second term of special parole after revocation of Robles's prior special parole.  Because the Parole Commission lacked the authority to impose a second term of special parole, the Ninth Circuit concluded that, when Robles was released after the original revocation of his special parole, that release should have been "considered to be release on ordinary parole."  *See Robles v. United States,* 146 F.3d 1098, 1102 (1998).

Given the Ninth Circuit's decision, this court, addressing Robles's motion for relief under 28 U.S.C. § 2255, ruled on March 18, 2004:

> Robles was not on special parole at the time he pled guilty in this court. Notwithstanding the references in the Amended Presentence Investigation Report (Revised October 10, 2000) to Robles's "special parole term," the Ninth Circuit had already held that Robles had been released on "ordinary parole," not "special parole," in the Washington case.  *Robles v. United States*, 146 F.3d 1098, 1102 (9th Cir. 1998); Letter from John R. Simpson, Commissioner, U.S. Parole Commission, to the Honorable Barbara Boxer, United States Senate (August 14, 2002) (indicating that Robles was on "parole," not "special parole," when he was convicted in the present case, and that it was Robles's

5

> "parole" that was revoked by the Parole
> Commission as a result) (attached as Ex. 10
> to Robles's Supplemental Filing of Exhibits
> re: Petition (Nov. 17, 2003)).

*See* Order Denying Petition to Vacate and Set aside a Judgment of
Conviction under 28 U.S.C. § 2255 at 8-99, ECF No. 131.

**III.      THE REQUESTED WRIT OF CORAM NOBIS IS DENIED.**

The 1946 amendments to Rule 60 of the Federal Rules of
Civil Procedure expressly abolished several common law writs,
including the writ of coram nobis.  However, in *United States v.
Morgan*, 346 U.S. 502, 511 (1954), the Supreme Court held that
district courts still retain limited authority to issue common
law writs such as writs of coram nobis and audita querela in
collateral criminal proceedings.  The common law writs survive
"only to the extent that they fill 'gaps' in the current systems
of postconviction relief."  *United States v. Valdez-Pacheco*, 237
F.3d 1077, 1079 (9th Cir. 2001).  The common law writs are not
available when the claims raised would be cognizable in petitions
under 28 U.S.C. § 2255.

A writ of coram nobis is "a highly unusual remedy,
available only to correct grave injustices in a narrow range of
cases where no more conventional remedy is applicable."  *United
States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007).  It is
distinguishable from the ancient writ of habeas corpus, which is
available only to convicted defendants who are in custody.  *See
Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973); *Jones v.*

6

*Cunningham*, 371 U.S. 236, 243 (1963).  The statutory remedy in 28 U.S.C. § 2255 similarly applies only to those in custody.  A writ of coram nobis, by contrast, allows a petitioner to attack a *conviction* when the petitioner has already finished his sentence and is no longer in custody.  *See McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995); *see also Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) ("The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence.").  A writ of coram nobis should be brought in the court of conviction.  *See Harding v. Owens*, 2013 WL 5434151, at *6 (D.S.C. Sept. 27, 2013); *Mashni v. United States*, 2006 WL 208564, at *3 (D.N.J. Jan. 25, 2006).

To qualify for coram nobis relief, a petitioner must establish all of the following: (1) a more usual remedy is not available; (2) valid reasons exist for not having attacked the conviction earlier; (3) there are adverse consequences from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  *See Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).  "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

7

A.   **Robles Cannot Challenge the Length of the Sentence He Has Already Served Via This Coram Nobis Petition, and His Sentence Would Not Change Even if That Were Permitted.**

Robles argues that this court should grant his petition for coram nobis relief because this court added 2 criminal history points based on the assertion that he was on special parole, which he says he was not actually on.  Although Robles asserts actual innocence in this case, Robles misunderstands the concept of actual innocence.  To establish actual innocence, he would have to show that he did not commit the underlying methamphetamine crime in this case.  Robles entered a guilty plea, and he nowhere claims that he did not commit that drug crime.  His coram nobis petition is instead based entirely on the argument that his sentence was flawed because it was allegedly affected by his purported special parole term.  This is not an argument that can be made in a petition for coram nobis relief.

A writ of coram nobis can relieve a defendant of continuing noncustodial effects of a criminal conviction only when fundamental errors were made in obtaining the conviction.  Accordingly, a writ of coram nobis cannot be used to modify things such as the amount and payment terms of a criminal fine.  *See United States v. Stonner*, 84 F. App'x 141, 142 (2d Cir. 2004) (unpublished disposition).  Robles is not asserting an error of the most fundamental character, such as when an error renders the proceeding itself invalid.  *See Hirabayashi*, 828 F.2d at 604;

8

*United States v. Taylor*, 648 F.2d 565, 571 n.14 (9th Cir. 1981)
("The common-law writ of error coram nobis is available by
statute, 28 U.S.C. s 1651(a) (1976) (All Writs Statute), to
correct errors of fact of such fundamental character as to render
the proceeding itself irregular and invalid").  He is instead
challenging the length of the sentence imposed, essentially
arguing that he should have received a lesser sentence of
imprisonment because, had the court not considered his special
parole imposed in connection with his cocaine conviction in
Washington, he would allegedly have had a lesser guideline range.
This is not a fundamental error that renders the proceeding
itself invalid.

         Even if Robles were correct in arguing that he should
not have received 2 criminal history points based on a special
parole status and should therefore have been in Criminal History
Category III with a guideline range of 108 to 135 months, this
lower guideline range would not justify vacating his *conviction*
at this time.[1]

_____

         [1] Robles received 6 criminal history points relating to his
Washington conviction.  Even assuming that the court should not
have considered the Washington conviction at all and that Robles
should have been in Criminal History Category I, that would have
only affected his guideline range and ultimate sentence, not the
validity of the underlying conviction.  Of course, Robles's
complaint about special parole has no effect on the 3 points
assessed for the Washington conviction.  He would also appear to
have properly received 1 criminal history point for having
committed the present methamphetamine violation within two years
of being released from custody with respect to the Washington

This court has previously recognized the Ninth Circuit's decision that Robles should have been considered to have been subject to ordinary parole, rather than special parole. See *Robles*, 146 F.3d at 1102; Order Denying Petition to Vacate and Set aside a Judgment of Conviction under 28 U.S.C. § 2255 at 8-99, ECF No. 131.  Even had this court considered Robles to have been on ordinary parole in the Eastern District of Washington when this court sentenced him, Robles would have still received 2 criminal history points under USSG § 4A1.1(d) (1998).  *See* USSG § 4A1.1(d) (1998) ("Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.").  Thus, the criminal history points would not have been affected by any change in his status from special parole to ordinary parole.  No matter how the court looks at Robles's argument, it is unavailing.

### B.   Robles Has Failed to Show Valid Reasons for His Delay in Seeking Relief.

The Ninth Circuit determined that Robles should have been considered to have been on ordinary parole (rather than on special parole) about one month before Robles committed the methamphetamine violation in this case.  Accordingly, Robles could have argued beginning with his objections and comments to

conviction.

the PSR and at his sentencing hearing in 2000 that he was on parole rather than on special parole.  Of course, as noted above, this distinction would not have made any difference, as he would still have received 2 criminal history points under USSG § 4A1.1(d) (1998).  No matter how his Washington conviction is viewed, this court cannot grant the requested relief in the absence of a sufficient explanation for Robles's delay in asserting the argument he makes here.

It appears that as far back as 2005 Robles argued in the Eastern District of Washington that his sentence there was illegal in light of the Ninth Circuit's determination that he should have been considered to have been on ordinary parole, rather than special parole.  *See* Order Denying Motion to Correct Sentence, for Writ of Coram Nobis or other Remedy, No. Cr.-88-316-JLQ, ECF No. 102 (Aug. 2, 2005).  Robles was thus clearly aware of any argument with respect to special parole almost two decades ago.

Robles says he is not seeking to vacate the Eastern Washington conviction, but is instead arguing that this court should not have relied on it (either because it was allegedly not final[2] or because he was not properly sentenced).  *See* ECF No. 178, PageID # 182.  While he says he has unsuccessfully attempted

---

[2] Robles's argument as to finality is unpersuasive.  The failure to avail oneself of appellate remedies renders a lower court ruling final.

to overturn the Eastern Washington conviction for many years, his failure to do so before that court or on appeal does not justify the delay in this case.  Had he recently been successful in vacating the Washington conviction, he might have a valid argument for his delay.  But, having been unsuccessful, he cannot come to this court and ask it to now assume the invalidity of a conviction in another court decades after this court sentenced him.

**IV.      CONCLUSION.**

Robles's petition for writ of coram nobis is denied. The Clerk of Court is directed to enter judgment in favor of the United States in Civil No. 24-00321 SOM and to close the case.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 17, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge




*United States v. Robles*; CIVIL NO. 24-00321 SOM/KJM, CRIMINAL NO. 98-000456 SOM; ORDER
DENYING PETITION FOR WRIT OF CORAM NOBIS